ANA MARÍA SUGAR Co., INC., Petitioners, *v.* TAX COURT OF PUERTO RICO, Respondent.

No. 15.   Argued November 7, 1944.—Decided December 5, 1944.

*J. Alemañy Sosa* for petitioners. *Jesús A. González, Acting Attorney General,* and *A. D. Marchand Paz,* and *M. Velázquez Flores, Deputy Attorneys General,* for intervener, Treasurer of Puerto Rico, respondent in the main proceeding.

MR. JUSTICE SNYDER delivered the opinion of the court.

On September 25, 1936 the petitioner filed its income tax return for the year 1935–36. On November 27, 1941 the Treasurer notified the taxpayer of a deficiency assessment in connection with the said return. The petitioner, contending that the five-year period of limitation for the assessment of such deficiencies found in the original Income Tax Act

of 1925 applies herein, filed a complaint in the Tax Court. We granted certiorari to review the decision of the Tax Court that the 1941 amendment, extending the said statutory period of seven years, was applicable to this case, and that the Treasurer therefore acted properly in assessing this deficiency.

This particular provision of the Income Tax Act remained unchanged until 1941, when Act No. 31 was approved on April 12, 1941 (Laws of 1941, p. 478). Section 60(a)(1) originally read as follows:

"The amount of income and excess-profits and the amount of income taxes imposed by this Act *or by Income Tax Act No. 59, of 1917, Income Tax Act No. 80 of 1919, Income Tax Act No. 43 of 1921, or by any of said Acts,* as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period." (Italics ours.)

The 1941 amendments consisted in eliminating the italicized matter, and in changing the period from five to seven years.

The contention of the petitioner is that the Legislature did not intend by the 1941 amendment to change the five-year period of limitations for returns which had been filed prior to the passage of the amendment extending the period of seven years. We find nothing in the language of the amendment to support this contention. The statute says on its face that the Treasurer thereafter shall be entitled to assess a deficiency as to any return filed not more than seven years prior to the date of the passage of the amendment. We therefore hold that the Legislature meant for this Section to apply to returns filed prior to the date of the amendment.

In view of the foregoing, it is apparent that § 29 of Act No. 31, which provides that the said Act "shall take effect from and after January 1, 1940," has no application to the facts herein.

█ We do not pass on the question of whether the Legislature could by this amendment validly revive a cause of action which had already been barred under the earlier five-year statute. We leave that question open as it is not involved in the instant case. The return herein was filed. on September 25, 1936. The right of the Treasurer under the earlier five-year statute had therefore not yet been barred in June 1941, when the amended statute went into effect.

The decision of the Tax Court will be affirmed.